J-S29041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS RAY ALLEN | : | |
| | : | |
| Appellant | : | |
| | : | No. 1793 WDA 2015 |

Appeal from the PCRA Order October 14, 2015
in the Court of Common Pleas of Blair County Criminal Division
at No(s): CP-07-CR-0002469-2006

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 09, 2016**

*Pro se* Appellant, Thomas Ray Allen, appeals from the order denying his second Post Conviction Relief Act[1] ("PCRA") petition. He contends his mandatory minimum sentence is illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013). We affirm.

We adopt the facts and procedural history set forth by a prior panel of this Court.[2] **See Commonwealth v. Allen**, 48 A.3d 1283, 1284-85 (Pa. Super. 2012). Appellant did not file a petition for allowance of appeal with

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note the court sentenced him on August 17, 2007. The Commonwealth mistakenly contends Appellant was sentenced in 2009. Commonwealth's Brief at 4.

our Supreme Court. On September 28, 2015,[3] *pro se* Appellant filed a second PCRA petition. The PCRA court denied the petition on October 14, 2015.[4] Appellant timely appealed. The court did not order Appellant to comply with Pa.R.A.P. 1925(b).

On appeal, Appellant claims his mandatory minimum sentence is illegal under **Alleyne**. Before addressing the merits of Appellant's claims, we examine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). A challenge to an illegal sentence must still be raised in a timely PCRA petition. **Id.**

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim

---

[3] The PCRA court docketed the petition on October 2, 2015. **See generally Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

[4] The PCRA court did not comply with Pa.R.Crim.P. 907.

could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

Instantly, Appellant's judgment of sentence became final on May 24, 2010, ninety days after our Supreme Court denied his petition for allowance of appeal. Appellant had until May 24, 2011, to file a PCRA petition. Appellant filed the instant PCRA petition on September 28, 2015, almost four years later. Thus, this Court must discern whether the PCRA court erred by holding Appellant did not plead and prove one of the three timeliness exceptions. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); ***Copenhefer***, 941 A.2d at 648.

In ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014), the Court addressed whether ***Alleyne*** could be invoked to save an untimely PCRA petition. ***Id.*** at 994-95. The ***Miller*** Court opined:

> [N]either our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), ***citing Tyler v. Cain***, 533 U.S. 656, 663, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001); ***see also***, ***e.g.***, ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new

constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008).

*Id.* at 995. Instantly, Appellant's judgment of sentence became final in 2010, well before the United States Supreme Court decided *Alleyne* in 2013.[5] Thus, Appellant cannot rely on *Alleyne* to overcome the timebar. *See id.* Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2016

---

[5] In *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super. 2015), this Court held that an *Alleyne* claim may be raised in a timely PCRA petition if the judgment of sentence was not yet final when *Alleyne* was decided. *Id.* at 59.